1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney
2
   MARTHA BOERSCH (CABN 126569)
3  Chief, Criminal Division

4  AMANI S. FLOYD (CABN 301506)
   Assistant United States Attorney
5
        150 Almaden Boulevard, Suite 900
6       San Jose, California 95113
        Telephone: (408) 535-5596
7       FAX: (408) 535-5066
        Amani.Floyd@usdoj.gov
8
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. CR-21-361-BLF |
|---|---|
| Plaintiff, | ) **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | ) |
| DIANE AGUILAR, | ) Date: July 2, 2024<br>) Time: 9:00 a.m.<br>) The Honorable Beth Labson Freeman |
| Defendant. | ) |

## I. INTRODUCTION

Defendant Diane Aguilar was one of two defendants originally charged via criminal complaint for her role as a drug courier and her setting up the controlled purchase of 878 grams of a mixture containing 851 grams of pure methamphetamine between an undercover officer and her co-defendant Felipe Alfonso Contreras. Dkt. 1.

On September 13, 2021, Ms. Aguilar was charged via Information with Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C) (Count One). Dkt. 55.

On May 17, 2022, Ms. Aguilar pled guilty to Count One of the Information pursuant to a Conviction Alternatives Program (CAP) plea agreement. Dkt. 77. However, due to her instability,

on-going addiction, and numerous pretrial violations, Ms. Aguilar was not admitted into CAP. *See* Dkt. 117. Ms. Aguilar is set for sentencing before the Honorable Beth Labson Freeman on July 2, 2024.

As discussed in more detail below, the government agrees with U.S. Probation's calculation of the applicable Guidelines range of 151-188 months' imprisonment. However, while Probation recommends a sentence of 72 months' imprisonment, the government believes that, even given her serious offense conduct, a greater downward variance is warranted in this case considering Ms. Aguilar's role in the offense conduct and her significant and long-term drug addiction, mental health issues, recent efforts towards rehabilitation, and acceptance of responsibly. Considering all the 3553 factors, the government recommends a sentence of 37-38 months' imprisonment, followed by a term of supervised release, for Ms. Aguilar's conduct.

## II.     OFFENSE CONDUCT

Between July 2020 and September 2020, Ms. Aguilar delivered what she thought was 19 pounds of methamphetamine on behalf of an individual who turned out to be an undercover officer (UC) in exchange for $700 as part of a law enforcement operation that was aimed at identifying drug couriers operating in Santa Cruz County, California. Presentence Investigation Report (PSR) ¶ 12-15. Then, between December 2020 and January 2021, Ms. Aguilar worked with her co-defendant Contreras to distribute crystal methamphetamine. *Id*. at ¶ 2. During this period, Ms. Aguilar exchanged text messages and calls with the UC and eventually set up a one-kilogram methamphetamine deal in which Contreras supplied the drugs in exchange for $5800. *Id*. at ¶¶ 16-17. Ms. Aguilar was paid $100 for setting up the deal. *Id*. at ¶ 21.

On January 5, 2021, Contreras followed Ms. Aguilar to a parking lot in Santa Cruz County. *Id.* at ¶ 19-20. In the parking lot, Ms. Aguilar greeted the UC, with whom she briefly spoke. *Id.* at ¶ 20. Ms. Aguilar then led the UC to Contreras' sport utility vehicle, also in the lot. *Id.* There, the UC met with Contreras and confirmed the price. *Id.* Contreras proceeded to hand the UC a paper bag containing a Ziploc bag filled with methamphetamine, which later was determined to contain 851 grams of pure methamphetamine ("ice"). *Id*. at ¶¶ 20, 22. During the meeting, Contreras and the UC discussed future deals and Contreras told the UC to contact him through Ms. Aguilar. *Id*. at ¶ 20.

After January 5, 2021, the UC and Ms. Aguilar communicated a few times, mainly about how Contreras had "shorted" the UC (i.e., Contreras sold the UC 878 net gram of methamphetamine instead of a full kilogram) and then about Ms. Aguilar putting the UC in contact with her boyfriend for a future deal.

On January 21, 2021, Ms. Aguilar met with the UC at the San Martin Airport for a deal. *Id*. at ¶ 23. At the airport, the UC showed Ms. Aguilar the cash for the deal, and she called Contreras. Contreras, however, cancelled the deal. Ms. Aguilar was taken into custody. *Id*.

### III. SENTENCING GUIDELINES CALCULATION

The government concurs with Probation's calculation of Ms. Aguilar's Guidelines calculation—i.e., a Base Offense Level of 34 and a 3-point reduction for Acceptance of Responsibility, resulting in an Adjusted Offense Level of 31 and Criminal History Category IV, yielding an advisory Guidelines range of 151 - 188 months' imprisonment.

As noted in the PSR, Probation's Guidelines calculation is different than the Guidelines calculation in the parties' plea agreement which states that the Base Offense Level is 30 with a 3-point reduction for Acceptance of Responsibility, resulting in an Adjusted Offense Level of 27. *See id*. at ¶ 3. The Guidelines calculation in the parties' plea agreement was based on the gross weight of the methamphetamine mixture seized on January 5, 2021 instead of the pure methamphetamine (ice) weight from the deal. Pursuant to Note (B) of U.S.S.G. §2D1.1(c), the offense level associated with the weight of pure methamphetamine (ice) is the offense level that the Court should use since it is greater than the offense level associated with the weight of the methamphetamine mixture, which means that Probation's Guidelines calculation is the correct calculation.

### IV. SENTENCING RECOMMENDATION

The Court must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, deter others from committing similar crimes, protect the public from the defendant, and rehabilitate the defendant. 18 U.S.C. § 3553(a)(2); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). Section 3553(a) sets forth several factors that the Court must consider in determining a just sentence: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the purposes of sentencing; (3) the kinds of sentences available; (4) the Guidelines

range for sentences; (5) any pertinent policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a); *Carty*, 520 F.3d at 991.

Ms. Aguilar's case is unique.  There is absolutely no doubt that Ms. Aguilar's offense conduct was serious.  She delivered what she believed to be 19 pounds of methamphetamine over three occasions and then arranged another kilogram deal with the UC.  She was someone who could put high-volume customers in touch with high-volume suppliers.  However, in the background of all this is her addiction, which appears to have been a driving force in not only the instant offense but throughout her life.  That is why the government entered into a CAP plea agreement with Ms. Aguilar.  The government hoped that by receiving intensive treatment and support, Ms. Aguilar would turn her life around.  Yet, she was unable to get into the program because of her instability and continued struggles with addiction that prohibited her from demonstrating that she was ready for and could handle the rigors of the program.  That said, the government submits that a 72-month sentence would not be appropriate in this case.

When considering all the 3553 factors, the government submits that a custodial sentence is appropriate given Ms. Aguilar's offense conduct.  However, given her long-term drug addiction, mental health issues, acceptance of responsibility, and efforts towards rehabilitation since being detained, the government recommends a significant downward variance to 37-38 months' imprisonment, which it believes appropriately balances Ms. Aguilar's offense conduct with her unique characteristics and current position.

## V. CONCLUSION

In sum, the United States respectfully requests that the Court sentence Ms. Aguilar to 37-38 months' imprisonment, followed by a term of supervised release.

DATED:  June 25, 2024

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

_____/s/_____
AMANI S. FLOYD
Assistant United States Attorney